**Kenneth KAUFMAN**

v.

**BOARD OF TRUSTEES, et al.**

**No. CV 95–1781–ER(RMC).**

United States District Court, C.D. California.

March 28, 1996.

Marvin E. Krakow, Steven J. Kaplan and Eliza Vorenberg, Krakow & Kaplan, Los Angeles, CA and Carol A. Sobel and Mark D. Rosenbaum, ACLU Foundation of Southern California, Los Angeles, CA, for plaintiff.

Dennis J. Walsh, and Kenneth A. Jew, Walsh & Declues, Encino, CA; and Robert M. Levy, Woodland Hills, CA, for defendants.

## MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND DEFENDANTS' MOTION SEEKING PROTECTIVE ORDERS

CHAPMAN, United States Magistrate Judge.

On March 5, 1996, plaintiff filed a Motion to Compel Answers to Interrogatories and to Produce Documents; Joint Stipulation of Parties; and the declarations of Marvin E. Krakow and Adrienne Larkin. On March 7, 1996, plaintiff filed a Motion to Withdraw certain portions of his Motion to Compel production of documents, with the declaration of Eliza Vorenberg. On March 8, 1996, defendants filed their Motion for Protective Order. And, on March 22, 1996, defendants filed a "Supplement" to their Motion for a Protective Order, with the declaration of Kenneth A. Jew. Oral argument was heard on the pending motions on March 26, 1996.

### BACKGROUND

On March 29, 1995, plaintiff filed a Title VII employment discrimination action under 42 U.S.C. § 2000e–5. The plaintiff, a tenured teacher with the Hemet Unified School District ("HUSD"), alleges that beginning in the spring of 1994, and continuing to the present, he has been subjected to repeated and continual harassment by defendants because of his religion, Judaism, and his exercise of his First Amendment rights. (Complaint, ¶¶ 17, 18). The plaintiff names as

defendants the Board of Trustees of the HUSD, the President of HUSD's Board of Education, members of HUSD's Board of Education, Marcy Savage (school principal), Lori Masiel (a parent), and Does.

On an undetermined date, plaintiff propounded identical interrogatories and requests for production of documents to defendants, with the exception of defendant Masiel. The interrogatories and requests in dispute are Interrogatory Nos. 1, 2, 3, and 4 and Request No. 7. The parties have met and conferred, pursuant to Local Rule 7.15.

## DISCUSSION

Interrogatory No. 1 asks for information regarding communications about plaintiff's employment from January 1, 1993, to the present, and Interrogatory No. 2 requests documents supporting Interrogatory No. 1. Interrogatory No. 3 requests information regarding investigations about plaintiff's employment from January 1, 1993, to the present, and Interrogatory No. 4 requests documents supporting Interrogatory No. 3. Request No. 7 seeks the production of personnel manuals relating to HUSD's employment of plaintiff, and other teachers, from January 1, 1991, to the present. The defendants have objected to the interrogatories on the ground they pertain to confidential or privileged information which arose during HUSD Board of Education closed sessions under the Ralph M. Brown Act, California Government Code Section 54957. Defendant Savage also objects to Interrogatory Nos. 1 and 3 on the grounds they are vague, ambiguous, and overbroad. The defendants object to Request No. 7 on the ground it is overbroad.

Federal Rule of Civil Procedure 26(b)(1) provides for discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." Generally, the purpose of discovery is to remove surprise from trial preparation so the parties obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to the discovery of admissible evidence. The

burden of proof is on the party opposing discovery to claim lack of relevancy and privilege. Here, defendants do not claim that the requested information is not relevant, rather they claim it is privileged under The Ralph M. Brown Act, specifically California Government Code § 54957.

In federal question cases, federal law determines whether there is a privilege. *See* Fed.R.Evid. 501; *Kerr v. United States District Court Northern District of California,* 511 F.2d 192, 197 (9th Cir.1975); *Hampton v. City of San Diego,* 147 F.R.D. 227, 229 (S.D.Ca.1993); *Kelly v. City of San Jose,* 114 F.R.D. 653, 655 (N.D.Ca.1987). The rationale of the Court of Appeals in *Kerr* is applicable here. The plaintiff is seeking to enforce a right secured by federal law against a local governmental entity, and to assure plaintiff's ability to prosecute his claims, federal law must be used to determine the existence and scope of any claimed privilege. *Kerr,* 511 F.2d at 197.

Apart from not being a privilege recognized under federal law, the Brown Act does not establish an evidentiary privilege at all; rather, it merely permits the withholding of certain information from the public generally. By analogy, it is, thus, not unlike the Freedom of Information Act the Court of Appeals analyzed in *Kerr. Id.* at 197–198. Even more to the point, Section 54957 permits closed sessions to protect the employee from public disclosure of embarrassing information; it is not to protect the governmental entity. Since plaintiff is the employee, and he is the party seeking the information, there would be no purpose in applying the Brown Act as an evidentiary privilege, even if it were applicable.

The defendants' objections to the interrogatories, moreover, are blanket objections, which do not comply with Fed.R.Civ.P. 26(b)(5). Formally claiming a privilege should involve specifying which information and documents are privileged and for what reasons, especially when the nature of the information or documents does not reveal an obviously privileged matter. *Id.* at 198. The defendants' objections to Interrogatory Nos. 1 through 4 are without merit, and plaintiff's

motion to compel is, thus, granted. Regarding Request No. 7, plaintiff's motion to produce is granted as to documents existing or created from July 1, 1991, to the present.

Rule 26(c) governs the granting of a protective order. A protective order should be granted when the party seeking a protective order establishes "good cause" for the order. "Justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." The defendants, by relying upon the Brown Act, have not shown "good cause" for granting a protective order, for the reasons discussed above. The defendants' Supplemental Request for a Protective Order was not timely filed, and has not been considered by this Court.

The plaintiff's request for attorneys' fees under Fed.R.Civ.P. 37(a)(4) is not supported by a declaration setting forth the time counsel spent in preparing the Motion to Compel and counsel's hourly rate. Thus, the request for attorney's fees is without factual basis and is denied.

## ORDER

1. The plaintiff's Motion to Compel responses to Interrogatory Nos. 1 through 4 is GRANTED; and plaintiff's Motion to Compel Production of Documents Request No. 7 is GRANTED, provided the documents are from July 1, 1991, to the present. The defendants shall, no later than April 2, 1996, at 5:00 p.m., respond to the outstanding interrogatories and request.

2. Defendants' Motion for a Protective Order is DENIED.

3. The request by plaintiff's counsel for attorneys' fees is DENIED.

DATED: March 28, 1996